INTERNATIONAL UNION OF ELECTRICAL RADIO & MACHINE WORKERS, CIO et al. v. UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA et al.

No. 11321.

United States Court of Appeals Sixth Circuit.

Decided Dec. 7, 1951.

See also, 6 Cir., 192 F.2d 851.

Benjamin C. Sigal, Washington, D. C., Zwerdling & Zwerdling, Detroit, Mich., on the brief, Bertram Diamond, Washington, D. C., of counsel, for appellants.

Ernest Goodman, Henry M. Hogan and Harry S. Benjamin, Jr., all of Detroit, Mich., for appellees.

Edward T. Kane, U. S. Atty., Detroit, Mich., for United States.

Before SIMONS, ALLEN and MILLER, Circuit Judges.

SIMONS, Circuit Judge.

The controversy which is the root of the various jurisdictional and procedural issues raised by the appeal is one between two labor unions, each claiming funds withheld by General Motors under the so-called "check-off" provision of a collective bargaining agreement.

The contract was entered into on May 29, 1948, between five divisions of General Motors, namely, Delco Products, Frigidaire, Delco Appliances, Packard Electric, and Delco Remy and the United Electrical Radio and Machine Workers of America CIO on behalf of its locals at the several divisions. On November 2, 1949, the United Electrical Workers and their locals were

expelled by the CIO and shortly thereafter the CIO chartered the International Union which formed local unions with the same identifying numbers in the same locations. After the formation of the latter, large numbers of employees withdrew from membership in the old locals and joined the new and on March 8, 1950 the National Labor Relations Board certified the new locals as the bargaining agents for the employees covered by the collective bargaining agreement. Conflicting claims to the check-off funds were made by the rival organizations.

On March 14, 1950, United, in its own behalf and in behalf of its members and the employees it claimed to represent, filed suit against General Motors for breach of contract, in that the corporation had neglected to perform its contractual obligation to pay to its local unions the membership dues and initiation fees it had deducted from wages in the sum of $150,000, and sought judgment in that amount. General Motors answered that the employees now claimed to be represented by International which had been certified by the Board as their collective bargaining agent; that it and its locals asserted that they had succeeded to and acquired all the rights and privileges under the contract and were entitled to the sums thereafter deducted from wages under its check-off provisions; that it had continued to make such deductions and had in its possession the money so deducted; that it had refrained from paying such sums over to anyone pending a disposition of the conflicting claims of the two unions with respect to such funds; that it claims no interest in them and had paid into the registry of the court, with the filing of its answer, the sum of $139,189 but had retained the amount of $11,501 deducted from wages of the employees of Delco because it had been ordered by The Supreme Court of Monroe County, New York, to hold such money; that it would make further deductions from the wages of employees during the month of April in four other divisions and while it would likewise deduct further sums from the employees of Delco it was not its present intention to pay them into the registry of the Court, in view of the order of the New York Court. It

asked the Court by counterclaim that International and its locals be made defendants; be directed to interplead their respective claims; that the Court adjudge which unions were entitled to the money already paid or which might thereafter be paid into the registry of the Court, and that the Court discharge it from all liability except to the person or persons it shall adjudge entitled to the moneys in controversy and that it be awarded its costs and attorney fees.

On April 3, 1950, the Court entered an order directing that International and its locals be made defendants, required to respond to the complaint and counterclaim, interplead their claims so that the Court might determine which unions are entitled to the money already paid and which might thereafter be paid into the registry of the Court. Paragraph 4 of the order, the precise terms of which are important in view of the principal issue to be discussed, reads: "That defendant be and it is hereby discharged from all liability in the premises except to the person or persons which the Court may hereafter adjudge to be entitled to the moneys in controversy."

On April 28, 1950, International moved to vacate the order of interpleader and for other relief. It asserted that the order of interpleader was entered without notice and opportunity to be heard; that the Court lacked jurisdiction to grant the counterclaim and asked that it be dismissed because General Motors had failed to deposit in the registry of the Court the total amount in controversy; that the Court had no jurisdiction over the parties because they had not been served with process within the State of Michigan; that the Eastern district thereof was not a convenient or proper forum for the trial of the issues; that the cause be severed in respect to the various locals and transferred to the several districts in which their members reside in the States of Ohio, New York and New Jersey, or in the alternative to stay the proceedings pending the outcome of other proceedings now pending in the districts of the other states which involved parties, facts and issues identical, or substantially similar, to those involved in the present action.

On May 25th, by supplementary motion, the plaintiff asserted that the various interpleaded locals are not legal entities with capacity to sue and urged that if the Court considered § 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185 to be applicable, then such capacity is lacking because § 301 is unconstitutional as it conflicts with Article III, § 2 of the United States Constitution. On October 17, 1950, without opinion, findings of fact, or conclusions of law, the Court entered an order overruling the motion as amended. It is from this order and the order of April 3d that the appeal is taken by the interpleaded defendants.

The appellants attack the order of interpleader on all of the numerous grounds stated in its motion to dismiss. In support of their claim that the separate causes of action should have been severed and transferred to more convenient forums they say that the appellants reside at great distances from the district court and compulsory process is not there available to them and they would be subjected to unjustifiable expense in bringing their witnesses to Detroit. This multiplicity of grounds for reversal would give us concern if, in the state of the record, we were now required to decide them. We have said in Gariepy v. United States, 6 Cir., 189 F.2d 459, 464, that where everything, no matter how unimportant, is emphasized, there is no emphasis. Mr. Justice Jackson has recently more eloquently observed: "Legal contentions, like the currency, depreciate through over use[1]." We must, however, of our own motion, give thought to whether the challenged orders possess such finality as to constitute them appealable orders, as both parties assert they are.

■ General Motors conceived itself to be a mere stakeholder. It claims no ownership or interest in the check-off fund and seeks to surrender it to the union which the court may adjudge entitled to it. It sought and obtained the order of April 3d and now defends it as a discharge from all liability. The latest and most exhaustive study of the finality of a stakeholder's discharge has recently been made by the Second Court of Appeals in Republic of China v. American Express Company, 190 F.2d 334. It considered, after study of numerous cases and in approval of the reasoning in Standley v. Roberts, 8 Cir., 59 F. 836, 839, that a decision which completely determines the rights of some of the parties, who are not jointly liable with those against whom the suit is retained, is a final decision if it completely determines a collateral matter distinct from the general subject of litigation and finally settles that controversy. It is, therefore, subject to review by appeal. This leads us to consider the terms of the order of April 3d and the circumstances in which it was made. It recites that the defendant is discharged from all liability except to the person or persons which the Court may hereafter adjudge to be entitled to the moneys in controversy.

Were it not for the contention urged upon us by the appellants that General Motors has not deposited all of the funds it has withheld, the absence of a finding of the amount of such withheld funds, or direction as to the manner in which the amount is to be determined, it might be thought that the order, like the decree in Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 513, 516, 70 S.Ct. 322, 325, 94 L.Ed. 299, was "not tentative, informal nor incomplete" and that what the Court reserved was merely a supervisory jurisdiction over the distribution of the funds. But if an issue remains, and it would appear that one does, in respect to what General Motors owes, the amount it has deposited, or would in the future deposit, then the order of April 3d was not final and, lacking finality, was not appealable.

■ If we are wrong in this, and the record sheds no light upon it, we pass to a consideration of Rule 54(b), as amended in 1948, which requires, in the case of multiple claims, that the Court "direct the entry of a final judgment * * * upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." It was the conclusion in the American Express

1. Address before the State Bar of California, August 23, 1951, reported in 37 Amer.Bar Asso.Journal No. 11, November 1951.

Company case, supra, that in the absence of such determination and express direction for the entry of judgment, an order professing to dismiss from the suit one who is a mere stakeholder is not an appealable order. With this, and the rationalization which supports it, we agree. The present order contains no such determination and direction and is, therefore, not final nor appealable.

 The simple remedy suggested by the Second Circuit Court of Appeals in the Express Company case is not available because of the state of the record and the multiplicity of issues raised by the appellants in its numerous challenges to the validity of the interpleader order. We give little consideration to the charge that it is void because entered without notice or hearing, since the appellants had a full hearing upon their motion to vacate and if infirmity there was, though this we do not decide, in issuing the order, it has been cured by the hearing on the motion to vacate and dismiss. The appellants had their day in court. Upon the other points in issue, there were no findings as to citizenship, or residence, and no legal conclusions on the disputed legal contentions. We are entitled to both, under familiar rules. This is particularly true in respect to the complaint of the appellants—that the Court was in error in refusing to sever the causes of action and transfer them to more convenient venues. It has repeatedly been held that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed, Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055; Ford Motor Company v. Ryan, 2 Cir., 182 F.2d 329, 331; Nicol v. Koscinski, U. S. District Judge, 6 Cir., 188 F.2d 537. Determination as to greater convenience, or inconvenience, must rest within the sound judicial discretion of the district judge and his decision should not be set aside unless there is apparent abuse of discretion. We are not advised by findings of the district judge of the facts relied upon in the denial of severance and transfer. We are unable, therefore, if resolution of other questions in the case requires decision upon this issue, to determine whether the Court's discretion was abused or not and

since the general rule is that a case should not be reviewed piecemeal, we make the following disposition.

The appeal is dismissed because of the lack of finality in the challenged orders, without prejudice to the consideration of a new appeal when issues in controversy are all decided; with the facts found, upon which legal conclusions are based. The present record may, upon a new appeal, be used in so far as it is material to the issues.

Appeal dismissed and the cause remanded for further proceedings in conformity herewith.