Ex parte INTERNATIONAL UNION OF ELECTRICAL, RADIO & MACHINE WORKERS, CIO, et al.

No. 11479.

United States Court of Appeals
Sixth Circuit.

Decided Dec. 7, 1951.

852

Benjamin C. Sigal, Washington, D. C., Zwerdling & Zwerdling, Detroit, Mich., Bertram Diamond, Washington, D. C., on the brief, of counsel, for appellants.

Edward T. Kane, U. S. Atty., Detroit, Mich., for United States.

Before SIMONS, ALLEN and MILLER, Circuit Judges.

SIMONS, Circuit Judge.

The petition for mandamus or prohibition is an alternative remedy sought by the petitioner in the event that its appeal should fail in International Union of Electrical Radio and Machine Workers C.I.O. v. United Electrical Radio and Machine Workers and General Motors Corporation, 6 Cir., 192 F.2d 847. Anticipating the possibility of a decision declining jurisdiction of the appeal in the main case, the petition seeks an appropriate writ to compel the district court to sever the causes of the several local unions against General Motors Corporation and to transfer them to the several districts in which members of the locals reside, in the states of Ohio, New York and New Jersey.

In view of the fact that we have not decided the jurisdictional question submitted to the court below and other issues and have dismissed the appeal for lack of finality in the orders appealed from, and in view of the state of the record which, in the absence of findings upon disputed facts, throws no light upon whether the district judge exercised a sound discretion in failing to transfer the causes, the petition for mandamus or prohibition becomes premature. It is common practice, and our own, upon the consideration of a petition for mandamus or prohibition to issue an order to show cause so that both facts and

reasons upon which a writ may be granted or denied will be before the Court when decision is made. Our disposition of the appeal in 192 F.2d 847, may reasonably be expected to result in specific determinations of all issues presented to the court below and, perhaps, in such final order as will permit our consideration of an appeal, in which event the petitioner's prayer for severance and transfer may intelligently be ruled upon in the light of determined facts. For these reasons, the present petition is

Denied without prejudice.