STEWART OIL COMPANY, a corporation, Michigan Oil Company, a corporation, Stewart Producers, Inc., a corporation, Kenneth Patterson, G. F. Stewart, W. Rolland Stewart, Frank J. Tiernan, and Morris Yarbrove, Plaintiffs,

v.

SOHIO PETROLEUM COMPANY, a corporation, Defendant and Counterclaimant,

v.

Walter E. KLINE, Stella P. Kline, R. E. Hayes, Carl E. Moses, David R. Stewart, W. T. Frederking, A. P. Wagemann, John J. Steiner, Josephine M. Steiner, and Donk Bros. Coal & Coke Company, Counterdefendants.

Civ. A. No. 3821.

United States District Court
E. D. Illinois.

March 23, 1962.

5. 28 U.S.C.A. § 1402(b).

8. 28 U.S.C.A. § 1404(a).

9. "* * * the Eastern District and Southern District lie within the same City adjacent to one another."

10. 28 U.S.C.A. § 2401(b).

11. General Rule (S.D.N.Y.) 10.

See also 185 F.Supp. 765.

Charles Wham and John P. Wham, of Wham & Wham, Centralia, Ill., and Tom E. Grace, Mattoon, Ill., for plaintiffs.

Craig & Craig, Mount Vernon, Ill., for Sohio Petroleum Co., defendant and counterclaimant.

L. C. Combe, Greenville, Ill., and Willis P. Ryan and Harlan Heller of Ryan & Heller, Mattoon, Ill., for counterdefendants Walter E. Kline, Stella P. Kline, R. E. Hayes, W. T. Frederking and A. P. Wagemann.

John J. Yelvington, Mattoon, Ill., for counterdefendants David R. Stewart and Carl E. Moses.

Walker & Williams, East St. Louis, Ill., for counterdefendant Donk Bros. Coal & Coke Co.

Counterdefendants John J. Steiner and Josephine M. Steiner failed to plead or appear and were ordered defaulted.

JUERGENS, District Judge.

This action was commenced by the plaintiffs to recover the proceeds from the sale of oil produced from the Southeast Quarter of the Southeast Quarter of Section 29, Township 6 North, Range 4 West of the Third Principal Meridian, Bond County, Illinois, and sold to Sohio Petroleum Company, defendant. After the action was instituted, the defendant paid the funds received from the sale of the oil into the Registry of this Court, alleging that there were adverse claims to the proceeds and that the defendant-counterclaimant was in doubt as to the person or persons entitled to said proceeds and that it could not safely determine as between the adverse claims without hazard to itself and asked that this Court determine to whom the proceeds should be paid. The defendant-counterclaimant, Sohio Petroleum Company, does not claim any part of the proceeds.

On October 24, 1957, this Court entered an interlocutory decree which provided that the amended counterclaim was in the nature of a bill of interpleader, that it was aptly filed, and that the Court has jurisdiction over the parties and the subject matter. The Sohio Petroleum Company was allowed to deposit the sum of money in dispute in the Registry of the Court, subject to further order of the Court. The Sohio Petroleum Company was released and discharged from any and all liability for the proceeds of the oil produced from the property from the first purchase until the first day of September, 1957. Additional funds have subsequently been deposited in the Registry of the Court to abide the result of the trial.

The counterdefendants, John J. Steiner and Josephine M. Steiner, having failed to plead or appear, were judged and ordered defaulted.

The plaintiffs and the counterdefendants, Donk Bros. Coal & Coke Company, Carl E. Moses and David R. Stewart, claim that they are entitled to the proceeds by virtue of an oil and gas lease dated October 21, 1955, from Donk Bros. Coal & Coke Company, lessor, to Carl E. Moses and David R. Stewart, lessees, and subsequently assigned to the plaintiffs subject to a royalty of $\frac{1}{8}$ interest in the original lease reserved to Donk Bros. Coal & Coke Company and an overriding royalty of $\frac{1}{16}$ of $\frac{7}{8}$ reserved to Carl E. Moses and $\frac{1}{32}$ of $\frac{7}{8}$ reserved to David R. Stewart.

Donk Bros. Coal & Coke Company acquired its interest in the property from one Theodore Rassieur, who had in turn acquired title from Samuel J. Brown by warranty deed dated September 21, 1907, which provides in pertinent parts as follows:

"The Grantor Samuel J. Brown, (unmarried), of Town of Old Ripley, in the County of Bond and State of Illinois, for and in consideration of Other good and valuable considerations, and the sum of One DOLLARS CONVEY and WARRANT to Theo-

dore Rassieur, of St. Louis, Missouri, the following described real estate to-wit: All coal and other mineral under the surface of the following described tracts of land:

\* \* \* \* \* \*

"The Southeast quarter ($\frac{1}{4}$) of the Southeast quarter ($\frac{1}{4}$) of Section No. Twenty-nine (29), in Township No. Six (6), North; Range No. Four (4), West of the Third (3rd) Principal Meridian, 40 acres; containing in all 143.55 acres, more or less, in Townships Nos. 5 & 6, North, Range No. Four (4), West of the Third Principal Meridian, in the County of Bond and State of Illinois, together with the right to mine and remove said coal and other mineral and the right to conduct mining operations under the surface of said tracts of land therefor, and the right to use all rooms, entries and mining ways at coal depth under the surface of said tracts of land as and for mining ways, to and from beds of coal or other mineral in other lands, hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois.

"Dated this 21st day of September, A.D. 1907.

"/s/ Samuel J. Brown."

The words "at coal depth" are added by interlineation to the printed deed.

The counterdefendants, Walter E. Kline, Stella P. Kline, R. E. Hayes, W. T. Frederking and A. P. Wagemann, claim the proceeds by virtue of mesne conveyances from Samuel J. Brown originating with a deed from Samuel J. Brown to Albert T. Brown dated the 21st day of September, 1907, which provides in pertinent parts as follows:

"The Grantor, Samuel J. Brown, (unmarried), of the Town of Old Ripley, in the County of Bond and State of Illinois, for and in consideration of Other good and valuable considerations, and One DOLLARS in hand paid CONVEY AND WAR-

RANT to Albert T. Brown, of the same place, in the County of Bond and State of Illinois, the following described Real Estate, to-wit:

\* \* \* \* \* \*

"Also the Southeast quarter ($\frac{1}{4}$) of the Southeast quarter ($\frac{1}{4}$) of Section No. Twenty-nine (29), in Township No. Six (6) North; Range No. Four (4), West of the Third (3rd) Principal Meridian, 40 acres, more or less;

"Containing in all 143.55 acres, more or less; (Coal etc. underlying said premises reserved, same having been heretofore sold); situated in the County of Bond, in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of this State."

"Dated this 21st day of September A.D. 1907.

"/s/ Samuel J. Brown"

There is no dispute between the parties as to the title to the premises prior to Samuel J. Brown.

Donk Bros. Coal & Coke Company and those plaintiffs and counterdefendants claiming under it contend that the terms in the deed from Samuel J. Brown to Donk Bros. Coal & Coke Company conveyed as a matter of law the oil and gas underlying said premises and that accordingly they are now entitled to the proceeds from the oil and gas which has been removed or which will be removed in the future.

The counterdefendants, Walter E. Kline, Stella P. Kline, R. E. Hayes, W. T. Frederking and A. P. Wagemann (hereinafter referred to as "Kline et al."), contend that the deed from Samuel J. Brown to Theodore Rassieur does not convey the oil and gas as a matter of law. They further contend that it was the intention of the parties that only the coal and the right to mine the coal beneath the surface of the ground was meant to be conveyed. They further assert that the deed from Samuel J. Brown to Theodore Rassieur is ambiguous and should be con-

strued in order to conform to the intention of the parties. In the alternative, they argue that in the event it is found that the deed is not ambiguous, it should be reformed to comply with the intention of the parties.

■ The ghosts of the past that have long haunted the courts in the State of Illinois, when they were faced with the term "coal and other mineral," were laid to rest by the Illinois State Supreme Court in the case of Nance v. Donk Bros. Coal & Coke Company, 13 Ill.2d 399, 151 N.E.2d 97 (1958). In that case Mr. Justice House, together with Justice Klingbiel in a concurring opinion, had the following to say:

"The complaint specifically prays for a construction of the deeds to exclude a conveyance of the oil and gas. However, the allegations thereof do state a cause of action for deed reformation and plaintiffs have alternatively prayed for that relief. For the reasons hereinafter given, the reformation remedy is available to plaintiffs but not construction of the deeds.

"We have long followed the universally accepted doctrine that where the language used in a deed has a settled legal meaning, the intention of the parties must be gathered from the instrument itself and extrinsic evidence is not admissible to aid in its construction. (Cases cited).

"In a series of Illinois decisions in the early 1940's, it was held, as in the majority of other jurisdictions, that a conveyance of 'all coal and other mineral' has a settled legal meaning and does include oil and gas, with incidental exploration, development and production rights. (Cases cited)."

Justice Bristow, together with Justice Daily in a special concurring opinion, had the following to say:

"Counts 1, 2, and 5 of the complaint also pray for relief by way of construction of the deeds in the

light of extraneous matter alleged. I do not believe that this court intends to hold that relief by way of deed construction is available in this case, and concurrence in the end result should in no wise be construed as an abandonment of certain fundamental principles of the substantive law of Illinois.

"These principles and decisions have established that where the language of a deed has a settled legal meaning the instrument itself is the only criterion of the intention of the parties and extrinsic evidence is not admissible to aid in its construction; (Cases cited) that a conveyance of 'all coal and other mineral' has a settled legal meaning and does include oil and gas, with incidental exploration, development and production rights (Cases cited); that the enumeration of other and incidental mining rights in the habendum clause of a conveyance of 'all coal and other mineral' does not derogate from, but enlarges the express and implied rights included in the granting clause. (Cases cited.)"

Thus it would appear that the contention of Kline, et al. that "coal and other mineral" does not convey oil and gas as a matter of law is diametrically opposed to the established law of the State of Illinois and accordingly avails them nothing.

The contention of Kline et al. that the deed is ambiguous is based on the fact that the words "at coal depth" are interlined into the printed portion of the deed and thus create ambiguity in the meaning intended to be placed in the deed by the parties. These words are interlined in the habendum clause in the deed and appear in that portion of the deed pertaining to the right to use rooms, entries and mining ways under the surface of the tracts. The interlineation of these words does not create an ambiguity in the granting clause.

That the plaintiffs are not entitled to have this deed construed is amply established by Illinois law as stated by the Justices of the Illinois Supreme Court in the excerpts from the opinion hereinabove set out.

Thus it would appear that the only avenue of relief available to the counterdefendants, Kline et al., is through the principles of reformation.

■■ A reformation action rests upon a theory that the parties had reached an understanding between themselves; but in reducing it to writing, through mutual mistake or through mistake on one side and fraud on the other, some provision which had been agreed upon was omitted; and the action is to so change the instrument as written to conform it to the contract agreed upon by inserting the provision omitted or by striking one inserted by mutual mistake. A court of chancery may reform an instrument so as to make it conform to the intention of the parties and the agreement between them.

Counterdefendants, Kline et al., assert that local custom and understanding of the words "coal and other mineral" at the time of the execution of the deed between Samuel Brown and Theodore Rassieur was not deemed to include oil and gas underlying the premises.

These counterdefendants have introduced in evidence a great number of deeds pertaining to the conveyance of coal in Bond County, Illinois, from various landowners. The deeds involved generally contain the printed statement "all coal and other mineral under the surface of the following described tracts of land." In some deeds the words "and other mineral" have been stricken. In other instances the words "all coal and other mineral" remain unchanged. Other deeds contain the words "except oil, gas and other precious metals." Still other deeds contain the words "except oil and gas."

These counterdefendants also introduced a quit claim deed from Theodore Rassieur and Carrie M. Rassieur, his wife, to Donk Bros. Coal & Coke Company, which purports to convey the lands

and interests in lands acquired by Theodore Rassieur in Bond County, Illinois. By this deed Theodore Rassieur and his wife purport to convey to Donk Bros. Coal & Coke Company the interest in the land they had acquired in Bond County. It is interesting to note that the interests in the lands conveyed are separated so that only the interests which were acquired by Rassieur and his wife were conveyed to Donk Bros. Coal & Coke Company. This deed contains 87 separate entries of parcels of land. In this deed parcels Nos. 1 through 54, inclusive, are preceded by the words "all coal and other mineral under the surface of the following described tracts of land"; entries Nos. 55 through 68, inclusive, are preceded by the statement "also all coal under the surface of the following described tracts of land"; entries Nos. 69 and 70 are prefaced by the statement "also all coal and other mineral, except oil, gas and other precious metals, under the surface of the following described tracts of land." Nos. 71 through 78, inclusive, are prefaced by the statement "also all coal and other mineral except oil and gas under the surface of the following described tracts of land." Entries Nos. 79 through 87, inclusive, are preceded by the statement "also all coal below the depth of one hundred and twenty-five feet under the surface of the following described tracts of land."

Mr. William Ganzer, called by Kline et al., testified he had been instrumental in obtaining a number of options in the area during the years preceding and subsequent to the conveyance of the deed here in dispute. He stated that in pursuing his task of obtaining options it was his intention to obtain options for coal only; that he did not intend to option the lands for anything other than coal underlying same and the right to mine the coal. He testified on cross-examination that he was not present at the time the deed was executed by Samuel J. Brown conveying the coal and other mineral to Rassieur and he had no idea as to the conversation which took place or whether any matters concerning the mineral to be obtained by virtue of the lease was discussed by the parties.

██ The Court has examined the evidence relevant to the allegations of the counterdefendants, Kline et al., that there was a general understanding in the community concerning the conveyance of coal and other mineral and their allegation that such understanding was that it did not convey oil and gas, and finds that the evidence is insufficient to establish such an understanding in the community. As evidenced by the number of changes in the deeds conveying coal and other mineral in the area, it appears that when the parties intended to limit the interest to be conveyed, additional words were inserted in the deed to exclude those minerals not intended to be conveyed or the words "and other minerals" were stricken. The Court finds that there was no understanding in the community, where the property in dispute is located, at the time of the execution of the deeds from Samuel J. Brown by which the coal and other mineral were conveyed, to the effect that the words "coal and other mineral" had anything other than their usual legal meaning.

██ As additional evidence that it was not the intention of the parties that oil and gas be conveyed by the term "coal and other mineral," the counterdefendants, Kline et al., attempted to introduce their Exhibit 17 (which will hereafter be referred to as Exhibit K–17) under the ancient document rule. The offered document is a photostatic copy of a notice of acceptance of coal rights under option as it was recorded in the office of the Clerk of the Circuit Court and Ex-Officio Recorder for Bond County, Illinois, which purported to give notice of acceptance to Nancy A. Brown, who was a sister to Samuel J. Brown and resided in the home of Samuel J. Brown.

The document in question was said to be on a form of substantially the same type as other Notice of Acceptance of Coal Rights Under Option forms, the originals of which were introduced in evidence, except that at the bottom of the

notice and between the date and signature there appears the following:

"In response to your inquiry regarding the phrase 'other minerals' it is my intention to buy only the coal and such other minerals as may be mined with the coal at coal depth."

The document is signed "Theodore Rassieur by C. C. Terry His Agent and Attorney." The document is dated the 6th day of June A.D. 1907 and was not recorded until the 17th day of November A.D. 1947—more than 40 years after it was executed.

At the trial the plaintiffs and some counterdefendants asked to examine the original document and were informed that it was not available for examination, that it had been lost subsequent to having been recorded. Subsequent to the trial, the counterdefendants, Donk Bros. Coal & Coke Company, examined the document, recorded in Bond County, Illinois, and upon comparing it with other notices of acceptance of coal rights under option found that this particular document contained a great number of variances between it and other documents of similiar nature. Upon making this discovery, a motion to submit additional evidence was promptly made to the Court in order to clarify any questions concerning the document's authenticity. A hearing was granted. During the course of this second hearing it developed that one Alva Nance had presented a document similar to the one which is here in dispute to the Circuit Clerk and Ex-Officio Recorder of Bond County, Illinois and asked that it be recorded.

Alva Nance testified at the first hearing that he had presented the document to the Recorder and that it was recorded; that it had subsequently been returned to him and had been lost. At the second hearing Alva Nance testified he had taken the document to the Recorder's office for recording; that the Recorder stated he was unable to read it and asked him if he could decipher parts of the document for him; that he then took the document to his office and typed out what he believed to be the exact wording of the document; that he then returned the original document together with his typewritten facsimile to the Recorder's office and that it was recorded.

The typist who was employed in the Recorder's office for the purpose of typing the various documents into the official records in the Recorder's office of Bond County testified that she had in fact recorded the document in almost exactly the same manner in which it was given to her. She stated she did not remember having seen two documents, that she did not recall having seen the original document but merely was presented with the document which had been typed by Alva Nance, and that she had typed it into the record exactly as it was given to her.

The comparison of the document which was recorded with other documents of the same nature which were executed in or about the year 1907 discloses that the recorded Notice of Acceptance of Coal Rights Under Option in dispute is substantially different in a number of details from the other documents of similar import which were executed about the same time. There is no adequate showing that the purported ancient document was in fact recorded, nor was this document available for inspection by the Court.

If this Court were to admit the Notice of Acceptance of Coal Rights Under Option (Exhibit K–17) under the ancient document rule, it would in effect be stretching that theory out of all proportion. Such action would open the door for anyone in the future to present fraudulent and spurious documents into evidence. Exhibit No. K–17 will not be admitted into evidence and will not be considered as evidence in this case, since in the opinion of the Court it smacks of fraud.

Examining the entire evidence, it is not possible to say that there has been any substantial evidence which would justify this Court in reforming the deed between Samuel J. Brown and Theodore

Rassieur so as to insert a meaning other than its established legal meaning. The evidence presented completely fails to show that the intentions of the parties were any other than to convey the coal and other mineral as is stated in the deed and, accordingly, reformation will be denied.

The counterdefendants, Carl E. Moses, David R. Stewart, and Donk Bros. Coal & Coke Company, and the plaintiffs, as an additional argument in support of their claim, assert that the counterdefendants, Kline et al., and their predecessors in title, are guilty of laches. This defense may have some merit; however, the Court will not consider the allegations of laches since the facts set out hereinabove are determinative of the issues involved.

The Court finds that judgment should be entered for the plaintiffs, Stewart Oil Company, a corporation; Michigan Oil Company, a corporation; Stewart Producers, Inc., a corporation; Kenneth Patterson; G. F. Stewart; W. Rolland Stewart; Frank J. Tiernan; and Morris Yarbrove; and for the counterdefendants, Carl E. Moses, David R. Stewart, and Donk Bros. Coal & Coke Company, as their several interests appear, and against the counterdefendants, Walter E. Kline, Stella P. Kline, R. E. Hayes, W. T. Frederking, A. P. Wagemann, John J. Steiner, and Josephine M. Steiner.

The above and foregoing shall be considered findings of fact and conclusions of law.

Parties to settle the order.