STEWART OIL COMPANY, a Corporation, Michigan Oil Company, a Corporation, Stewart Producers, Inc., a Corporation, Kenneth Patterson, G. F. Stewart, W. Rolland Stewart, Frank J. Tiernan and Morris Yarbrove, Plaintiffs-Appellees,

v.

SOHIO PETROLEUM COMPANY, Defendant and Counter Claimant,

v.

Walter E. KLINE, Stella P. Kline, R. E. Hayes, W. T. Frederking and A. P. Wagemann, Counter Defendants-Appellants,

and

Carl E. Moses, David R. Stewart and Donk Bros. Coal & Coke Company, Counter Defendants-Appellees.

No. 13842.

United States Court of Appeals Seventh Circuit.

April 10, 1963.

L. C. Combe, Greenville, Ill., Willis P. Ryan, Ryan & Heller, Mattoon, Ill., for counter defendants-appellants.

John P. Wham, Wham & Wham, Centralia, Ill., Tom E. Grace, Mattoon, Ill., for plaintiffs-appellees.

Wayne P. Williams, Edward G. Maag, Walker & Williams, East St. Louis, Ill., for counterdefendant-appellee Donk Bros. Coal & Coke Co.

John J. Yelvington, Mattoon, Ill., for counterdefendants-appellees Carl E. Moses and David R. Stewart.

Before DUFFY, SWYGERT and MAJOR, Circuit Judges.

SWYGERT, Circuit Judge.

Plaintiffs-appellees, all citizens of Michigan, brought suit against the Sohio Petroleum Company, an Ohio corporation, to recover their share of the proceeds from the sale of oil produced, saved and marketed to Sohio by plaintiffs together with counterdefendants, Carl E. Moses and David R. Stewart. The Michigan plaintiffs are assignees of counterdefendants-appellees, Carl E. Moses and David R. Stewart, citizens of Illinois, whose title rests on a lease of the oil interests from counterdefendant, Donk Bros. Coal & Coke Company, an Illinois corporation, which retained a one-eighth royalty interest. It is admitted that Carl E. Moses and David R. Stewart reserved

certain overriding royalty interests in the oil and gas lease which they assigned to the Michigan plaintiffs.

Sohio answered the complaint and counterclaimed, alleging possession but not legal ownership of the money (oil proceeds), and sought adjudication of conflicting claimants' rights to the money.[1]

The District Court's memorandum opinion, on a motion to dismiss, is reported at 185 F.Supp. 765; and the final opinion, disposing of the case on the merits, is reported at 202 F.Supp. 952. This appeal is taken by counterdefendants-appellants from the decision rendered against them on the merits. They question jurisdiction of the District Court over the subject matter, the existence of diversity of citizenship of the parties necessary to support jurisdiction, as well as legal conclusions, findings of fact, and evidentiary rulings of the trial judge.

As to all but the jurisdictional question of the diversity of citizenship requirements of what turned out to be an interpleader action, we are satisfied that the opinions of the District Court fully and completely delineate the issues and correctly decide them. Although all par-

ties at one stage of the proceedings stipulated as to the jurisdiction of the District Court, appellants later raised the question anew and now reassert it on appeal. We feel it incumbent on us to discuss their contention in this regard with more particularity than the summary treatment accorded it by the District Court.

■ Although we believe jurisdiction in the interpleader action can be upheld on the basis of ancillary jurisdiction arising out of the filing of the original suit by the Michigan plaintiffs against an Ohio corporation, and waiver of venue by the parties, we need not rest our decision on that basis.

■ We believe that Sohio's interest was more than that of mere stakeholder. In its amended counterclaim, Sohio asked:

"3. That the Court adjudge whether the plaintiffs, Donk Bros. Coal and Coke Company, Carl E. Moses and David R. Stewart, on the one hand, or R. E. Hayes, Walter E. Kline, Stella P. Kline, W. T. Frederking, A. B. Wagemann, John J. Steiner and Josephine M. Steiner, or any of them, on the other hand, are entitled to the money withheld *and*

1. The amended counterclaim reads in part: "5. That there appears of record two oil and gas leases from the adverse claimants mentioned above, one dated October 30, 1955 filed November 19, 1955, in Book 44, page 392, from Walter E. Kline and Stella P. Kline, his wife, to W. T. Frederking and A. B. Wagemann, and the other dated September 21, 1956, filed September 24, 1956, in Book 47, page 37, from R. E. Hayes and wife, Lillian Mae Hayes, to W. T. Frederking; that in addition there appears of record a deed from John M. Steiner and Josephine M. Steiner to themselves as joint tenants, executed in the year 1954, although the records reveal that these parties previously had conveyed the land in 1942; that in assignments from Carl E. Moses and David R. Stewart, lessees of Donk Bros. Coal and Coke Company, 1/16 of 7/8 overriding royalty interest was reserved by Carl E. Moses and 1/32 of 7/8 overriding royalty interest was reserved by David R. Stewart.
* * * * *

"7. That this counterclaimant is under no liability of any kind to the claimants or any of them, except such liability as results from the purchase of oil from the above premises, and which will be purchased from time to time in the future, and it does not know, nor can it ascertain to whom the proceeds should be paid on account of the adverse claims that have been asserted thereto, and cannot without hazard undertake to decide the validity of the respective claims and is willing [sic] to take the risk of so deciding.
"8. That in justice and in equity, the counterclaimant should not be compelled to become involved in a dispute of said claimants, but such claimants should be required to litigate and settle their dispute between themselves without in any manner involving this counterclaimant, and counterclaimant says that it has been informed that further suits will be brought by said rival claimants for the same monies."

*also money that will be accumulated in the future by reason of purchase of oil from said property."* (Emphasis supplied.)

Determination of the issues in the suit have legal significance for Sohio beyond the proper distribution of money deposited in court. Protection from multiple suits, potential liability as a tortfeasor in having purchased oil from sources having no title to it, and the validity of its purchase agreements with one of the groups of adverse claimants, all militate against the treatment of Sohio as a nominal stakeholder. Necessarily, it was interested vitally in the identity of future recipients of royalties and in the ownership of the oil. This *interest* of Sohio is sufficient to give it standing under Rule 22, Fed.R.Civ.P., as a proper plaintiff, and the fact that the District Court granted Sohio's request for discharge, does not affect our conclusion. Under Rule 22 interpleader, diversity of citizenship between an interested stakeholder-plaintiff and all adverse claimants is all that is required. No claim is made that any of the adverse claimants are citizens of Ohio; thus, complete diversity existed under Rule 22 on which to base jurisdiction of the District Court.

■■ In the alternative, under statutory interpleader, 28 U.S.C. § 1335, where the stakeholder is totally without interest and is only a nominal party, there is authority that it is sufficient if two adverse claimants with genuinely adverse interests are citizens of different states. Haynes v. Felder, 239 F.2d 868 (5th Cir. 1957). On this basis diversity of citizenship exists since appellants, citizens of Illinois, have interests adverse to the original plaintiffs, all citizens of Michigan. The fact that three citizens of Illinois retained interests in the lease assigned to the Michigan plaintiffs, separate legal entities, does not make their interests identical with those of the Michigan plaintiffs since, as stated in Guth v. Texas Co., 155 F.2d 563, 566 (7th Cir. 1946):

> "The obligation to pay the lessors their royalties in proportion to their

respective interests in the gas, gasoline, and petroleum distillates produced and in possession of the defendant was a *several* obligation and the plaintiff could sue separately for his proportion of the royalty." (Emphasis supplied.)

Therefore, even the doctrine of realignment of the parties, as enunciated by the United States Supreme Court in Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941), would not destroy the fact that there are two adverse groups of claimants—one group citizens of Michigan, and the other group citizens of Illinois.

Under either view we believe the District Court correctly determined that it had jurisdiction.

All other substantial questions raised on appeal were answered correctly in the District Court's opinions, cited above, and we adopt the opinions as our own. We have considered the questioned evidentiary rulings and find the objections to be without merit.

The judgment is affirmed.