H. Arnold GUY and Cato Development
Corporation, Plaintiffs,

v.

CITIZENS FIDELITY BANK AND
TRUST COMPANY, Defendant-
Appellee,

v.

James M. BYRNE et al., Defendants-
Appellants.

No. 19931.

United States Court of Appeals,
Sixth Circuit.

July 31, 1970.

John P. Sandidge, Louisville, Ky., for defendants-appellants; Robert C. Hobson, Louisville, Ky., on brief; Woodward, Hobson & Fulton, Louisville, Ky., of counsel.

Thomas W. Bullitt, Louisville, Ky., for defendant-appellee; Samuel G. Bridge, Jr., Louisville, Ky., on brief; Bullitt, Dawson & Tarrant, Louisville, Ky., of counsel.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

WEICK, Circuit Judge.

The present appeal is from orders of the District Court which granted a counterclaim for interpleader, discharged a stakeholder from liability, appointed receivers, granted an injunction and other relief.

Plaintiffs are H. Arnold Guy and Cato Development Corporation (Cato); Guy is vice-president of Cato. The complaint alleged that Guy entered into an agreement with the owners of gas leases on No. 1 Ripley gas well located in Cayuga County, New York. The agreement was to construct a 6″ pipeline for delivery (and sale) of the natural gas produced by said gas well, to the transmission line of a buyer, Consolidated Gas Supply Corporation, some eleven miles distant from the well. In consideration of the construction of the pipeline, the owners of the gas leases on said gas well agreed to assign to Guy one-half of their interest therein, and also in various other oil and gas leases held by them in said county. The assignments of the leases were to be placed in escrow with Citizens Fidelity Bank and Trust Company (Citizens Fidelity), a Kentucky corporation with its principal office in Louisville, and were to be delivered to Guy upon completion of the pipeline. The pipeline was to belong to Guy. Guy assigned all of his interest in the agreement and the leases to Cato Development Corporation.

Guy is a citizen of Mississippi. Cato is incorporated under the laws of New York and, as appears from the record, does no business in Kentucky. There are assignments by twenty-three lessees of oil and gas leases on real property located in Cayuga County, New York, who are citizens of nine different states, including New York but excluding Kentucky. The only party to this case who is a citizen of Kentucky is Citizens Fidelity, the distinterested stakeholder.

Plaintiffs allege that they completed construction of the pipeline and made demand on Citizens Fidelity to deliver the assignments in accordance with the terms of the escrow agreement. Citizens Fidelity refused delivery on the ground that the owners of the leases had made demand on it for the return of the assignments. Plaintiffs then brought an action in the District Court in Kentucky against Citizens Fidelity, asking for an order temporarily restraining it from removing the assignments from the jurisdiction of the Court and from delivering the assignments to any person or entity other than the Court. Plaintiffs prayed for judgment against Citizens Fidelity for possession of the assignments.

Citizens Fidelity filed an answer and counterclaim for interpleader against the plaintiffs and the twenty-three owners of the oil and gas leases. Citizens Fidelity admitted having possession of the assignments but asserted that the owners of the leases had made demands on it for delivery of said assignments and had made conflicting claims thereto; that it did not know to whom it should deliver the assignments; that it was ready, willing and anxious to deliver said assignments to the person or persons entitled thereto; and that it was a mere stakeholder with no interest in the controversy between the plaintiffs and the other claimants. Citizens Fidelity relied on Fed.R.Civ.P. 13(h) and 22(l), and on 28 U.S.C. § 1655.

On June 18, 1969, the District Court entered an order directing that the assignments be placed in the Registry of the Court. The lessees of the leases who were claiming the assignments were required to be served and to plead by August 4. The Court also enjoined all par-

ties from prosecuting or instituting any suit or proceeding in any state or federal court on account of the assignments.

On August 15 a hearing was held and an order and judgment was entered on August 18. At the time of the hearing the record shows that there had been no return of process on seven of the defendant-claimants. The order and judgment recited that the Court had jurisdiction under 28 U.S.C. §§ 1331, 1332, 1655 and Fed.R.Civ.P. 12(b), 22(*l*) and 13(h). The Court discharged Citizens Fidelity from all liability to the plaintiff-claimants or to the defendant-claimants arising out of the assignments. The plaintiff-claimants and the defendant-claimants were perpetually enjoined from instituting any action in any Court against Citizens Fidelity on account of the assignments. The Court made the following finding:

"(5) This Court in this Judgment herein and hereby (i) expressly determines there is no just reason for delay, (ii) recites herein that this Judgment as to Citizens Fidelity Bank and Trust Company is final and expressly directs the entry of a final judgment in favor of Citizens Fidelity Bank and Trust Company."

On the same day the Court entered an order in which it found that in order to protect the interest of the parties and to conserve the income from the wells it was necessary to appoint financial and operating receivers. Citizens Fidelity was appointed to receive all funds resulting from the transmission and sale of gas produced by the Ripley well. William Duchscherer of College Park, Georgia, was appointed operating receiver of the Ripley well.[1] Cato Development Corporation was appointed operating receiver of the gas transmission line.

The record discloses that of the seven defendant-claimants for whom there had been no return of service by August 15, there was a return for five prior to September 15. One defendant-claimant, Alice D. Mungenast, who is a party to this appeal, was served on August 6 but the return of service was not filed with the Clerk until September 17. The record shows that one defendant-claimant, Mary A. Hamilton, was never served personally. The Court's order, however, required service by publication for those who could not be served personally, but the record does not reflect whether such publication was ever made.

On September 10 one of the defendants, who had been served after August 18, made a motion to dismiss the action because the defendant-claimants were not citizens of Kentucky and because the Court did not have jurisdiction over them and could not obtain personal service on any of them. The District Court held a hearing on the motion, and on September 15 entered an order denying the motion and refusing to set aside the original order of August 15.

Nineteen[2] defendant-claimants filed a notice of appeal from the orders of August 18 and September 15.

The principal issues in the appeal are whether the District Court for the Western District of Kentucky had ancillary jurisdiction over the interpleader and whether the defendant-claimants, none of whom are residents of Kentucky, were subject to process.

We are of the opinion that the answer to both questions is in the affirmative and that the District Court did not err in denying the motion to dismiss.

As a threshold question, we must determine whether we have jurisdiction to hear the appeal from an order granting the interpleader. As a general rule an order to interplead is interlocutory and, therefore, is not appealable. 28 U.S.C. § 1291; *e. g.*, International Union of Elec. Workers, CIO v. United

---

1. William Duchscherer was named as a defendant-claimant but is not a party to this appeal.

2. Only eighteen names appear as appellants on the brief. Richard I. Kaye filed a notice of appeal but did not proceed further.

Elec. Workers, 192 F.2d 847 (6th Cir. 1951). However, an order granting an injunction, although interlocutory in nature, is an appealable order. 28 U.S.C. § 1292(a) (1); John Hancock Mut. Life Ins. Co. v. Kraft, 200 F.2d 952, 953 (2d Cir. 1953).

The District Court entered an injunction on August 18 which permanently restrained the defendant-claimants from prosecuting any action against Citizens Fidelity on account of the assignments. Because the order granting the injunction is an appealable order, we may review the issues and determine whether it was properly granted.

The finding of the District Judge that there was no just reason for delay and that the judgment as to Citizens Fidelity was final would also support an appeal. Fed.R.Civ.P. 54(b); see Republic of China v. American Express Co., 95 F.Supp. 740 (S.D.N.Y.) aff'd 190 F.2d 334 (2d Cir. 1951).

Had this been an original action for interpleader under Rule 22, it is clear that Citizens Fidelity could not have maintained the action in the Western District of Kentucky because of lack of jurisdiction over any of the claimants. Appellee, Citizens Fidelity, specifically concedes this fact.[3] Appellee urges, however, that there was jurisdiction over the original action by plaintiffs against Citizens Fidelity to recover possession of the assignments and therefore there was ancillary jurisdiction over the interpleader action brought by way of counterclaim.

Assuming that the counterclaim for interpleader has jurisdictional support ancillary to the original action, there must be jurisdiction over the original action. There was diversity of citizenship between plaintiffs who were citizens of Mississippi and New York, and Citizens Fidelity, a citizen of Kentucky. The amount in controversy is alleged to be in excess of $10,000. Jurisdiction is conferred by 28 U.S.C. § 1332.

Since there is unquestioned jurisdiction over the original action, we are of the opinion that, for a complete disposition of the case, it was absolutely necessary to make parties thereto the owners of the leases, who were claiming to be entitled to have the assignments returned to them. Jurisdiction over the interpleader is, therefore, ancillary. See Stewart Oil Co. v. Sohio Petroleum Co., 315 F.2d 759, 761 (7th Cir. 1963).

Appellants contend that they were not subject to the process of the Court.

Appellee urges that the present case is controlled by Republic of China v. American Express Co., 95 F.Supp. 740 (S.D. N.Y.1951), aff'd 195 F.2d 230 (2d Cir. 1952), and A/S Krediit Pank v. Chase Manhattan Bank, 155 F.Supp. 30 (S.D. N.Y.1957), aff'd 303 F.2d 648 (2d Cir. 1962). In both of these cases, after interpleader was allowed and the stakeholder was discharged, the only remaining parties (i. e., the claimants) were foreign governments. The Second Circuit held that jurisdiction over the parties was not destroyed because it was ancillary to the original action over which the District Court had jurisdiction. While these cases lend support to the result we reach in the present case, they are not a complete answer. In both of these cases, because the claimants were foreign governments there was no district in which they could be said to reside, which is unlike the present case where the claimants are residents of different districts.

Appellants urge that the present action could be brought only in the district in which one or more of the claimants reside. 28 U.S.C. § 1397 (defining venue for statutory interpleader under 28 U.S.C. § 1335). Appellants contend that if the interpleader had been brought in such a district, the Court could have issued nationwide process and injunctive relief under 28 U.S.C. § 2361. Undoubtedly, had the stakeholder brought an action for interpleader under § 1335, the appellants' argument would be correct.

---

3. Appellee's Brief at 7.

However, neither the stakeholder nor the claimant relied on § 1335; therefore the argument is of no consequence to the present case.

Because of the injunction issued in the present case, the stakeholder could not have filed an interpleader in another district.

Although no court has been faced directly with the issue, there is persuasive authority to the effect that personal jurisdiction over the parties in an original action will not permit a discard of the restrictions on process and on injunctive relief when the court does not have personal jurisdiction over the claimants named in an interpleader. 3A Moore's Federal Practice ¶ 22.04[2] n. 16. However, no such problem exists in the present case because the action for delivery of the assignments was in rem and, therefore, 28 U.S.C. § 1655 permitted nationwide process.

█ It is necessary to determine the nature of the property which is the subject of the suit, i. e., the assignments of the oil and gas leases. We are required to look to the substantive law of the forum state, including the conflicts of law applied by the forum state. Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481 (1941). The leases in this case represent interests in gas wells located in New York. The law of every state, including Kentucky, is that the nature of an interest in such property is determined by the law of the state in which the wells are located. 16 Am. Jur.2d, Conflict of Laws § 14 n. 10.

We must therefore look to the law of New York to determine the nature of the leases. There is scant authority in New York on the nature of a leasehold interest in an oil and gas well. One statute specifically makes a lease in an oil well personal property. New York General Construction Law, McKinney's Consol.Laws, c. 22, § 39, Property. As a general rule, the considerations governing oil wells and gas wells are the same and the reference works treat them together.

In Re Halderman's Estate, 208 Misc. 419, 143 N.Y.S.2d 396 (1965), dealt with a conflict of laws problem in which it was essential to determine the nature of leases for oil and gas on land located in Texas. The Court held that Texas law applied and that under Texas law the lease was an interest in real property. By way of contrast, the Court noted that the rule respecting both oil and gas leases was different in New York, and cited § 39 as authority without distinguishing between oil and gas leases.

A leasehold interest in oil and gas wells located in New York is, therefore, personal property. The assignments of the leases are tangible personal property. The assignments of leases, having been moved to the Western District of Kentucky by agreement of all of the parties, were physically in the possession of Citizens Fidelity, and they were within the jurisdiction of the District Court. The Court had power to and did act on them. The assignments are now in the registry of the Court. The original action by the plaintiffs against Citizens Fidelity was for delivery of the assignments to plaintiffs because of a pre-existing obligation to do so. The basic issue on the merits of the case is the determination of the question of who is entitled to possession of the assignments. This is therefore an action in rem.

The stakeholder, Citizens Fidelity, had no interest in the outcome of this case and very clearly could have been "exposed to double or multiple liability." Under Ruple 22(l) an interpleader was properly sought (by way of counterclaim under Rule 12(b)). When it is necessary to bring other parties into an action for determination of a counterclaim, Rule 13(h) requires that the court order them in "as provided in these rules * * *." Rule 4(f) provides for service of process anywhere within the territorial limits of the state in which the court sits or "when a statute of the United States so provides, beyond the territorial limits of that state." 28 U. S.C. § 1655 provides for service beyond

the territorial limits of the forum state in the case of an in rem action.

28 U.S.C. § 1655 provides:

"Lien Enforcement; Absent Defendants.

"In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

"Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.

"If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. When a part of the property is within another district, but within the same state, such action may be brought in either district.

"Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just."

Appellants would have us consider only that part of § 1655 which applies to the enforcement of liens or removal of clouds upon the title of property. But the claims of defendant-claimants did constitute a cloud on plaintiffs' title. The original action was—

" * * * an action * * * to enforce * * * [a] claim to * * * personal property within the district. * * *"

Plaintiffs' claim is against Citizens Fidelity to recover specific personal property, namely twenty-three assignments of leases in its possession. Since the Court had jurisdiction over the assignments, it had the power, if not the duty, to require all persons claiming an interest therein to answer and set forth their claims and interests, and to adjudicate them.

The District Court ordered service of process either personally or by publication. The record reflects that with one exception personal service was had on all defendant-claimants.

Although the August 18 order entered by the Court could not have had any personal effect on the defendant-claimants who had not been served by that time, that defect was cured when the defendants were subsequently served, allowed to plead, and given a hearing, after which a final order was entered on September 15.

Appellants also challenge the propriety of appointing financial and operating receivers pending final disposition of the case on the merits. The receivers were appointed to conserve the income from the wells for the benefit of the parties pending the action. An order appointing a receiver is appealable although interlocutory in nature. 28 U.S.C. § 1292(a) (2).

Appellants argue that the District Court for the Western District of Kentucky had no jurisdiction to appoint an operating receiver of property located in New York. The appointment of the receiver, however, was entirely ancillary to the cause before the Court. Although formerly a District Court could not appoint a receiver for property located outside the judicial circuit in which it was located, 28 U.S.C. § 754 clearly authorizes such an appointment.

Ancillary appointment of receivers in order to protect property which is

the subject of an original action before the Court is within the sound discretion of the District Judge. *E. g.,* Connolly v. Gishwiller, 162 F.2d 428 (7th Cir. 1947), cert. denied, 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400; see Jones v. Village of Proctorville, 290 F.2d 49, 50 (6th Cir. 1961). Apparently the Ripley gas well and the other oil and gas leases in New York are currently in operation and are producing income. . Until such time as the Court can determine who is entitled to the assignments, it is not an abuse of discretion to protect those interests and income by appointment of ancillary receivers.

The judgment of the District Court is affirmed, and the case is remanded for consideration of its merits.